UNITED STATES of America

v.

Perry J. DUKES, Appellant.

No. 90–3081.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 11, 1991.

Decided June 14, 1991.

Ronny E. Jones, (appointed by the Court) for appellant.

David H. Baum, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher and Roy W. McLeese, III, Asst. U.S. Attys., were on the brief, for appellee.

Before EDWARDS, WILLIAMS and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

Police officers saw Perry J. Dukes make what appeared to be a drug sale on October 2, 1989. As the officers approached him, Dukes threw a bag into a trash can. The officers arrested Dukes and recovered the bag, which contained 11.02 grams of crack cocaine. He was indicted for possession with intent to distribute more than five grams of cocaine base, an offense carrying a mandatory minimum sentence of five years' imprisonment. 21 U.S.C. §§ 841(a), 841(b)(1)(B)(iii). Dukes decided to plead guilty to the less serious offense of possession with intent to distribute a detectable amount of cocaine base. 21 U.S.C. § 841(b)(1)(C). In return for his guilty plea, the government dropped the original charge.

Under the Sentencing Guidelines, Dukes' possession of 11.02 grams of cocaine base placed him in offense level 26. Guideline § 2D1.1(c)(9). At that level and in light of

his criminal history (category III), the Guidelines would have put Dukes' sentence between 78 and 97 months of imprisonment. Judge Gesell gave Dukes a two-point reduction in his offense level, apparently because he accepted responsibility (Guideline § 3E1.1(a)). This lowered the sentencing range to between 63 and 78 months. Judge Gesell chose the lowest number and sentenced Dukes to 63 months of incarceration, citing his exemplary behavior while awaiting sentencing.

Dukes did not negotiate much of a deal. He escaped a mandatory minimum of 60 months' imprisonment only to find himself facing 63 months in jail. He might as well have pled guilty to the original, more serious charge. In some cases "charge bargains" (*see* Guideline § 6B1.2) can limit the sentencing range, *see United States v. Correa–Vargas*, 860 F.2d 35, 36 (2d Cir. 1988), but Dukes' was not one of them. He has two complaints.

■ The first is that Judge Gesell erred in ruling that he could not depart from the Guidelines to "give effect" to Dukes' plea bargain. We are not entirely certain what Dukes means by "give effect." The idea may be that in order to enforce his plea agreement, his offense level should have been calculated on the basis of the crime to which he pled guilty rather than, as the Guidelines otherwise require (Guideline § 1B1.3 and the commentary thereto; *see United States v. Blanco*, 888 F.2d 907, 909–10 (1st Cir.1989)), his actual possession of 11.02 grams of cocaine base. If that is his argument, it goes nowhere. The plea bargain did not include a promise by the government about the sentence (*cf.* Fed.R.Crim.P. 11(e)(1)(B) & (C)). And there was no agreement to delude the court into believing Dukes actually possessed less than 11.02 grams of cocaine base; ethics, Department of Justice policy, and the Guidelines bar prosecutors from entering into such deals. *See Memorandum of the Attorney General to Federal Prosecutors Concerning Plea Bargaining under the Sentencing Reform Act, reprinted in* G. McFadden, J. Clarke & J. Staniels, Federal Sentencing Manual, App. 11B, at 11–87 (1991); Guideline § 6B1.4 (policy statement). During a hearing on the plea, Dukes confirmed that the government had made no promises apart from its agreement to dismiss the charge of possession of more than five grams of cocaine base. Sentencing Dukes in accordance with the Guidelines, as Judge Gesell explained he would before accepting Dukes' guilty plea, was therefore not inconsistent with the terms of his plea bargain.

■ Dukes also intimates that regardless of the terms of his bargain, the district court had discretion to depart from Guidelines because his entering into a plea agreement amounted to a "mitigating" circumstance the Sentencing Commission did not adequately take into account "in formulating the guidelines" (18 U.S.C. § 3553(b)). *United States v. Fernandez*, 877 F.2d 1138, 1144–45 (2d Cir.1989), lends support to Dukes. In what the government calls dictum, *Fernandez* stated that "a district court presented with a plea agreement retains discretion to depart so long as the sentence that results reflects the seriousness of the crime and deters future misconduct...." 877 F.2d at 1145. But the quoted passage is, in our view, mistaken.

A guilty plea, whether entered pursuant to an agreement or not, does not qualify under 18 U.S.C. § 3553(b). It is a circumstance the Sentencing Commission did take into account. The Guidelines provide a two-level discount for "acceptance of responsibility." Guideline § 3E1.1. Although § 3E1.1 states that a defendant who enters a guilty plea is not entitled to this sentencing reduction "as a matter of right," a guilty plea "will constitute significant evidence of acceptance of responsibility," *id.* (commentary), as it apparently did in Dukes' case. The Commission formulated this approach, Judge Breyer tells us (Breyer, *The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest*, 17 Hofstra L.Rev. 1, 28–29 (1988)), in order to reflect past practice without explicitly telling defendants they will receive a higher sentence if they go to trial. Judge Easterbrook wonders whether it might have been better if the Guidelines

had been explicit. *United States v. Escobar–Mejia,* 915 F.2d 1152, 1153 (7th Cir. 1990). One might also question whether the Commission has provided a sufficient incentive for defendants to plead guilty, a subject the Commission may study in light of experience under the Guidelines (United States Sentencing Commission, *Guidelines Manual,* at 6.5). Whatever one may think about these matters, there can be no doubt that the Commission adequately considered the subject of guilty pleas in drafting the Guidelines.

The *Fernandez* opinion indicates that if not the guilty plea itself, the fact of a plea bargain is something the Commission acknowledged it had not adequately considered. 877 F.2d at 1145. For this proposition, *Fernandez* quotes the Commission's statement that "[b]ecause of the difficulty in anticipating problems in this area, and because the sentencing guidelines are themselves to some degree experimental, substantive restrictions on judicial discretion would be premature at this stage of the Commission's work." *Guidelines Manual* at 6.5. The "area" refers to judicial discretion to accept plea bargains, not as the *Fernandez* court apparently thought, a court's discretion to disregard the Guidelines when defendants enter into plea agreements. The immediately preceding statement in the Commission's commentary is that the "Commission shall study plea agreement practice under the guidelines and ultimately develop standards for judges to use in determining whether to accept plea agreements." *Id.* The commentary goes on to say that the policy statements regarding plea bargains (*see* 28 U.S.C. § 994(a)(2)(E)) "make clear that sentencing is a judicial function and that the appropriate sentence in a guilty plea case is to be determined by the judge." *Guidelines Manual* at 6.5. The policy statements themselves (Guidelines §§ 6B1.- 1–6B1.4) show that sentencing in such cases must proceed on the basis of the Guidelines or on departures authorized under 18 U.S.C. § 3553(b). Guideline 6B1.2 (commentary). We therefore believe the Commission did take plea bargaining into consideration when it devised the Guide-

lines. At all events, the process of plea bargaining or the plea agreement itself is not the sort of "mitigating circumstance" section 3553(b) contemplates as a ground for departure. Plea bargains are commonplace and defendants who enter into them do not thereby distinguish themselves or render their case "atypical." *Guidelines Manual* at 1.1. Aside from "acceptance of responsibility," a plea bargain discloses nothing about the defendant's character or condition and it does not add to or detract from the seriousness of the offense. We therefore agree with Professor Alschuler that a "plea agreement itself cannot reasonably be treated as a mitigating circumstance inadequately considered by the Commission." Alschuler, *Departures and Plea Agreements Under the Sentencing Guidelines,* 117 F.R.D. 459, 473 (1987). While there is much to be said for the court's point in *Fernandez* that the Guidelines should not "make the widespread practice of plea bargaining unworkable" (877 F.2d at 1144), section 3553(b) does not grant courts authority to depart from the Guidelines for such a reason. *See United States v. Stanley,* 928 F.2d 575, 582–83 (2d Cir. 1991).

█ Dukes' second complaint is that the district court erred as a legal matter in thinking it could not depart from the Guidelines in light of his unique characteristics, notably his long history of steady employment. Dukes stresses Judge Gesell's remark at the sentencing hearing that he had "seen nothing that permits me to depart from the Guidelines." An earlier colloquy is more revealing. During the hearing Dukes conceded, correctly in view of Guideline § 5H1.5 (policy statement), that offender characteristics such as stable employment are "not ordinarily relevant." *See also* 28 U.S.C. § 994(e). He argued that in his case, however, the court should find the facts sufficient to warrant an exception. Judge Gesell responded "I've had very great difficulty finding it, and that's the problem." While a fuller statement of reasons would have been preferable (*see* 18 U.S.C. § 3553(c)), this exchange is clear enough to show that Judge Gesell knew he

had discretion to depart downward in an extraordinary case, but determined that the case before him did not fit that description. He therefore refused to exercise the discretion entrusted to him to depart from the Guidelines. His judgment in that regard is not subject to review. *United States v. Jamison,* 934 F.2d 371, 372 (D.C.Cir.1991); *United States v. Hazel,* 928 F.2d 420, 424 (D.C.Cir.1991); *United States v. Ortez,* 902 F.2d 61, 63–64 (D.C.Cir.1990).

*Affirmed.*