36 F.3d 127
 308 U.S.App.D.C. 313
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Maurice Leo STEWART, a/k/a Moe, Appellant.
 Nos. 92-3067, 92-3124.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 21, 1994.
 
 Before BUCKLEY, SENTELLE, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These appeals were considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the cases, the court is satisfied that appropriate disposition of the appeals does not warrant an opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Appellants Maurice L. Stewart and Richard Shorter pled guilty to one count of conspiring to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. Secs. 846, 841(a)(1), and 841(b)(a)(A)(iii), and to one count of conspiring to possess an unregistered firearm during a narcotics offense in violation of 18 U.S.C. Secs. 371 and 924(c)(1). Applying the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), the district court sentenced Stewart to 188 months imprisonment for Count One and 60 months for Count Two, and Shorter to 210 months for Count One and 60 months for Count Two; the sentences in each case to run concurrently and to be followed by five years of supervised release. Appellants raise five objections to their sentences for those offenses:
 
 
 3
 First, Shorter asserts that the district court failed to make legally sufficient findings before attributing to him the 61.19 grams of crack cocaine recovered during the execution of a search warrant for 1803-4th St., N.W., Washington, D.C., of which 36 grams were found in the bedroom of Damon Edwards. Shorter failed to make this argument before the district court. Furthermore, in light of his prior sales of drugs from these premises, and of Edwards's status as a co-conspirator, the court did not commit plain error when it included the drugs in determining Shorter's base offense level under the Guidelines.
 
 
 4
 Second, Shorter and Stewart contend that the district court should not have increased their offense levels for possession of weapons. The undisputed facts, including Stewart's momentary possession of the bag containing the guns they had arranged to buy from the undercover police officer, fully support the district court's conclusion that Stewart possessed and Shorter constructively possessed the guns for the purposes of U.S.S.G. Sec. 2D1.1(b)(1) (Nov. 1991).
 
 
 5
 Third, Stewart argues that the court should not have considered, for sentencing purposes, the quantity of drugs involved in transactions occurring after April 10, 1991 because the police had sufficient evidence to enable them to arrest him by that date. Stewart, however, has not satisfied the requirements for an entrapment claim, see United States v. Salmon, 948 F.2d 776, 779 (D.C.Cir.1991), nor has he presented a compelling due process claim on the facts of this case. Cf., United States v. Jones, 18 F.3d 1145, 1153-54 (4th Cir.1994). Accordingly, the district court was not precluded from including drugs seized after April 10, 1991 in determining that Stewart should be charged with the distribution of at least 500 grams of cocaine base for sentencing purposes.
 
 
 6
 Fourth, Stewart contends that drugs sold by his co-conspirators on April 16, 1991 should not have been attributed to him in determining his base offense level. As his Presentence Report ("PSR") indicates that he had negotiated that transaction four days earlier, he clearly could have foreseen its consummation. Thus, he was properly sentenced for "aid[ing] and abett[ing]" that sale.
 
 
 7
 Finally, Stewart asserts that the court should have reduced his offense level as he was a "minor participant" under U.S.S.G. Sec. 3B1.2(b) (Nov. 1991). His PSR, however, indicates that he participated in almost every transaction during the life of the conspiracy, including handling the drugs and negotiating the purchase of illegal weapons. Due deference is owed the court's conclusion that Stewart was not a minor participant within the meaning of the Guidelines. See United States v. Kim, 23 F.3d 513, 517 (D.C.Cir.1994).
 
 For the foregoing reasons, it is
 
 8
 ORDERED AND ADJUDGED by the court that the sentences imposed by the district court be affirmed.
 
 
 9
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.