**UNITED STATES of America,
Appellee,**

v.

**Rodney Renard GOODALL, a/k/a
Goodoff, a/k/a Grease,
Appellant.**

No. 99–3112.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 1, 2000.

Decided Jan. 9, 2001.

Michelle Peterson, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was A. J. Kramer, Federal Public Defender.

Thomas S. Rees, Assistant United States Attorney, argued the cause for appellee. With him on the brief were Wilma A. Lewis, United States Attorney, John R. Fisher and Thomas J. Tourish, Jr., Assistant United States Attorneys.

Before: EDWARDS, Chief Judge, SENTELLE and RANDOLPH, Circuit Judges.

Concurring opinion filed by Circuit Judge RANDOLPH.

Opinion for the Court filed by Chief Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Chief Judge:

The issue before the court on this appeal is whether a sentencing court has discretion to accept a Federal Rule of Criminal Procedure 11(e)(1)(C) plea agreement with an agreed-upon sentence that falls outside of the otherwise applicable Sentencing Guidelines range. Appellant Rodney Goodall entered into just such an agreement.

Facing an eight-count indictment on various drug charges, Goodall lodged a plea of guilty on one count of possession with intent to distribute heroin. In his Rule 11(e)(1)(C) plea agreement, he and the Government agreed to a sentencing range of 57 to 71 months. The District Court sentenced Goodall to 70 months.

In fixing Goodall's sentence, the District Court relied on a Presentence Investigation Report ("PSR") in which the probation officer calculated an applicable Sentencing Guidelines range of 70 to 87 months. Citing the policy statement found in § 6B1.2 of the *United States Sentencing Guidelines Manual,* the trial judge assumed that he could not accept a sentence falling outside of the applicable 70–to–87–month range. The judge also assumed that, pursuant to Rule 11(e)(4), he could not sentence Goodall to more than 71 months without allowing him the opportunity to withdraw his plea. With both presumed constraints in mind, the judge limited his consideration to a 70–to–71–month range, ultimately sentencing Goodall to what was perceived to be the lowest legally permissible sentence, *i.e.,* 70 months.

Goodall contends, and the Government agrees, that the District Court was without authority to modify the parties' plea agreement. In other words, the parties assert that the trial judge had no authority to change the plea agreement's sentence range from 57–71 months to 70–71 months. Goodall also contends, and the Government again agrees, that the District Court erred in assuming that § 6B1.2 constrained the court's authority to accept a Rule 11(e)(1)(C) plea agreement that embraced a sentence outside of the otherwise applicable Guidelines range. We agree on both counts.

Both the Introduction to the Guidelines itself and the brief introductory comments prefacing Chapter 6, Part B, state that policy statements, such as § 6B1.2, are non-binding "norms" to which courts may refer in deciding whether to accept or to reject plea agreements. A District Court

judge certainly remains free to rely on the applicable Guidelines range in determining whether to accept or reject a Rule 11(e)(1)(C) plea agreement. Section 6B1.2 does not *compel* this, however. In this case, the trial judge assumed that he could not accept a plea agreement with a 57–to–71–month agreed-upon sentencing range, and, therefore, he also assumed that he could not sentence Goodall to a term below 70 months. This was error. We therefore vacate the District Court's judgment and remand for resentencing consistent with this opinion.

## I. BACKGROUND

Though we deal here with purely legal issues on which both parties agree, we briefly set forth the facts to frame the underlying legal claims. On November 17, 1998, a federal grand jury handed down an eight-count indictment, charging Goodall and four others with various counts of possession, intent to distribute, and conspiracy to distribute heroin and cocaine. Six months later, Goodall negotiated and entered into a Rule 11(e)(1)(C) plea agreement in which he consented to plead guilty to count four of the indictment—unlawful possession with intent to distribute heroin. The Government agreed to dismiss the remaining seven counts. Critical for present purposes, paragraph three of the plea agreement provided:

> Your client and the Government agree that a sentencing range of 57 to 71 months is the appropriate sentence for the offense to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval.

Letter from Wilma A. Lewis, United States Attorney, to John Beaman, Attorney for Defendant ¶ 3 (May 12, 1999) (filed May 13, 1999), *reprinted in* Appellant's Appendix ("App.") at 29. In keeping with Rule 11(e)(4), paragraph three also explained that, if the judge refused to accept the plea agreement as written, Goodall would have the opportunity to withdraw his plea. *Id.*

At the plea hearing, the prosecution informed the District Court of an additional concession—namely, that the Government had agreed with defense counsel to recommend a sentence at the bottom of the 57–to–71–month range. Transcript of Plea Hearing at 7–8 (May 13, 1999), *reprinted in* App. tab A. The presiding judge acknowledged the concession, asking Goodall, "you understand that both your lawyer and the government lawyer will agree that although the range of this plea agreement is from ... 57 to 71 months, they both agree that the right sentence is the bottom end of that range of 57 months, right?" *Id.* at 8. The court added only, "if it's 59 months or 61 months or 71 months, if that is what I decide, it will not make it possible for you to withdraw this guilty plea as long as it is within the 57 to 71 months." *Id.* The prosecution then made a factual proffer, to which Goodall agreed. *Id.* at 12–14.

Sentencing took place two months later on July 30, 1999. There, the District Court had the benefit of the PSR, in which the probation officer had, based on interviews with Goodall, calculated an applicable 70–to–87–month Guidelines range. At sentencing, defense counsel did not contest those calculations, arguing instead that the court had already accepted, and was therefore bound by, the 57–to–71–month range contained in the Rule 11(e)(1)(C) agreement. Transcript of Sentencing at 3 (July 30, 1999), *reprinted in* App. tab B. The trial judge, however, apparently relying on § 6B1.2 of the Guidelines, expressed concern that he had no discretion to issue a sentence that was outside of the otherwise applicable Guidelines range:

> Well, that doesn't give me much discretion, does it? The agreed range is 57 to 71 months, the guideline range is 70 to 87 months. The sentence I have to impose if I accept the 11(e)(1)C [sic] plea is somewhere between 70 and 71 months.... I think the law makes it

quite clear that I can accept an 11(e)(1)C [sic] plea if it falls within guidelines ranges and to the extent it falls within guidelines ranges unless there is a justifiable reason for a departure downward. I have seen no application for a downward departure, and I see no reason for a downward departure.

*Id.* at 3–4.

The prosecutor, in turn, argued that "proof problems" were a "justifiable reason" for the court to accept a plea agreement with a lower sentence. *Id.* at 4–6. The court again disagreed: "I read [§ 6B1.2(c)(2)] and its use of the word 'depart' to be a—to invoke all the law about departures.... I don't see any of the standard reasons for departure if there's no *Koon* ground that has been proffered here." *Id.* at 6–7. Applying the overlapping 70–to–71–month range, the District Court then sentenced Goodall to the lowest sentence it thought possible—70 months. *Id.* at 14. The court never gave Goodall a chance to withdraw his plea.

## II. ANALYSIS

Federal Rule of Criminal Procedure 11(e) outlines federal plea agreement procedures. At the time of sentencing in this case, the Rule contemplated three different types of plea agreements: (A) those in which the Government "move[s] for dismissal of other charges"; (B) those in which the Government "make[s] a recommendation, or agree[s] not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court"; and (C) those in which the Government "agree[s] that a specific sentence is the appropriate disposition of the case." FED.R.CRIM.P. 11(e)(1)(A)-(C) (1999). Goodall and the prosecution entered into the third type of plea arrangement.

■ Once a sentencing court rejects a Rule 11(e)(1)(C) plea agreement, it must "on the record, inform the parties of this fact, advise the defendant ... that the court is not bound by the plea agreement [and] afford the defendant the opportunity to then withdraw the plea." FED.R.CRIM.P. 11(e)(4) (1999); *see also United States v. Hyde,* 520 U.S. 670, 676, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997) ("This provision implements the commonsense notion that a defendant can no longer be bound by an agreement that the court has refused to sanction."). If, however, the court accepts the agreement, it is binding on the court at sentencing, and failure to abide by the terms of that agreement constitutes reversible error. *See United States v. Ginyard,* 215 F.3d 83, 87 (D.C.Cir.2000) (per curiam); *see also United States v. Cunavelis,* 969 F.2d 1419, 1422 (2d Cir.1992) ("The district court may accept or reject an (A) or (C) plea, but it may not modify it.").

■ In the present case, Goodall's bargain with the Government required the District Court to consider a sentence somewhere between 57 and 71 months, with a recommendation from the Government that it fall at the lower end of that range. Goodall accepted the possibility that the District Court might sentence him to 70 months. What he did not accept, however, was a sentencing at which the court *considered only* the limited 70–to–71–month range, thereby foreclosing both the Government's recommendation and the distinct possibility of a sentence near the bottom of that range. By eliminating the lower bulk of the range before considering the appropriate sentence, the District Court modified Goodall's bargain and impermissibly foisted an unanticipated, and clearly less favorable, term on appellant. *See United States v. Mandell,* 905 F.2d 970, 972–73 (6th Cir.1990) (remanding for resentencing, despite the fact that "the actual sentence fell within the permissible range stated in the plea agreement, [because] it was not arrived at by the method agreed upon").

■ Remand for resentencing in the present case begs the larger question: Can the District Court, consistent with both Rule 11 and the Sentencing Guide-

lines, accept a Rule 11(e)(1)(C) plea agreement with an agreed-upon sentence that falls outside of the applicable Guidelines range? Neither Rule 11(e), nor the Federal Rules of Criminal Procedure in general, sets forth criteria to guide a sentencing judge's decision to accept or to reject a plea agreement. Sentencing Guidelines policy statement § 6B1.2, however, provides that, "[i]n the case of a plea agreement that includes a specific sentence [Rule 11(e)(1)(C)], the court may accept the agreement if the court is satisfied either that: (1) the agreed sentence is within the applicable guideline range; or (2) the agreed sentence departs from the applicable guideline range for justifiable reasons." U.S. SENTENCING GUIDELINES MANUAL § 6B1.2(c) (1998) [hereinafter U.S.S.G.]. The commentary to § 6B1.2 says that "the court should accept . . . a plea agreement requiring imposition of a specific sentence only if the court is satisfied either that such sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons (i.e., that such departure is authorized by 18 U.S.C. § 3553(b))." U.S.S.G. § 6B1.2 cmt. The District Court obviously thought that § 6B1.2 constrained its acceptance and/or application of Goodall's plea agreement. We respectfully disagree.

The District Court is not alone in its reading of § 6B1.2(c). By our count, two of our sister circuits have assumed, without much analysis, that § 6B1.2 limits a sentencing court's discretion under Rule 11(e) to accept or to reject a plea agreement. E.g., United States v. Carrozza, 4 F.3d 70, 87 (1st Cir.1993); Fields v. United States, 963 F.2d 105, 108 (6th Cir.1992) ("A sentencing judge could no longer be forced to abide by an agreed to sentence where that sentence did not conform to the Guidelines, as that would eviscerate their purpose."). The remainder of the circuits to consider the question, however, have held that § 6B1.2 does not trump Rule 11(e)'s otherwise permissive language. E.g., United States v. Barnes, 83 F.3d 934, 941 (7th Cir.1996) ("Plea agreements can

retain their authority to bind the government, the defendant and the district court even when they provide for sentences that depart from the prescriptions of the guidelines."); United States v. Mukai, 26 F.3d 953, 956–57 (9th Cir.1994); Cunavelis, 969 F.2d at 1422; see also John M. Dick, Note, Allowing Sentencing Bargains to Fall Outside of the Guidelines without Valid Departures, 48 HASTINGS L.J. 1017, 1046–50 (1997) (discussing the inter-circuit disagreement).

Though both § 6B1.2 and its commentary speak in mandatory terms, we do not interpret those provisions in a vacuum. Both the Introduction to the Sentencing Guidelines itself and the introductory commentary to Chapter 6, Part B state that Chapter 6 policy statements dealing with acceptance or rejection of plea agreements should not interfere with the Commission's ongoing study of courts' plea agreement practices pursuant to Rule 11(e):

> The Commission decided not to make major changes in plea agreement practices in the initial guidelines, but rather to provide guidance by issuing general policy statements concerning the acceptance of plea agreements in Chapter Six, Part B (Plea Agreements). The rules set forth in Fed.R.Crim.P. 11(e) govern the acceptance or rejection of such agreements. The Commission will collect data on the courts' plea practices and will analyze this information to determine when and why the courts accept or reject plea agreements and whether plea agreement practices are undermining the intent of the Sentencing Reform Act. In light of this information and analysis, the Commission will seek to further regulate the plea agreement process as appropriate. . . . [T]he guidelines create a norm to which courts will likely refer when they decide whether, under Rule 11(e), to accept or to reject a plea agreement or recommendation.

U.S.S.G. ch. 1, pt. A4(c); see also id. ch. 6, pt. B, introductory cmt. ("[T]he Commission shall study plea agreement practice

under the guidelines and ultimately develop standards for judges to use in determining whether to accept plea agreements. Because of the difficulty in anticipating problems in this area, and because the sentencing guidelines are themselves to some degree experimental, substantive restrictions on judicial discretion would be premature at this stage of the Commission's work."). In light of this commentary, it is clear that the Commission promulgated the policy statement in § 6B1.2 to guide, not to constrain, courts in deciding whether to accept or to reject a plea agreement. Were we to find otherwise, there would be no plea practice for the Commission to study nor any data to inform future promulgation of binding guidelines. The Commission did not intend § 6B1.2 to bind courts.

Our conclusion that § 6B1.2(c) does not constrain a court's otherwise broad discretion to accept or to reject a plea agreement is fortified by the 1999 amendments to Rule 11(e). Under the current version of Rule 11(e)(1)(C), the prosecution and defendant can agree that

> a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement or sentencing factor is or is not applicable to the case. Such a plea agreement is binding on the court once it is accepted by the court.

FED.R.CRIM.P. 11(e)(1)(C) (2000). Thus, as now written, the Rule plainly countenances agreed-upon sentences falling outside of the otherwise applicable Guidelines range. And the Advisory Committee note makes clear that the 1999 amendments were meant only to clarify, not to substantively alter, Rule 11(e)(1)'s previous incarnation: "As is the situation under the current Rule, the court retains *absolute discretion* whether to accept a plea agreement." FED.R.CRIM.P. 11 advisory committee's note (emphasis added).

■ Under our holding today, the District Court remains free to consider the applicable Sentencing Guidelines range—

both in deciding on whether to accept an agreed-upon sentence and in deciding on an appropriate sentence within an accepted range. It is simply not compelled to do so.

The concurring opinion suggests that 18 U.S.C. § 3553(b) appears to mandate a Guidelines sentence unless there is a justifiable basis for a departure under the Guidelines. This attributes too much to § 3553(b), we think. The statute merely says that the court must impose a sentence of the kind and within the range referred to in the Guidelines. Therefore, we must determine in any given situation what the Guidelines say in order to know whether a sentence is of the kind and within the range permitted. In other words, § 3553(b), without more, tells us very little. When we turn to the Guidelines, we find some very strong evidence as to how this situation should be handled. Indeed, the Introduction to the Sentencing Guidelines anticipates the precise issue that we now face:

> The Commission decided not to make major changes in plea agreement practices in the initial guidelines, but rather to provide guidance by issuing general policy statements concerning the acceptance of plea agreements in Chapter Six, Part B (Plea Agreements). The rules set forth in Fed.R.Crim.P. 11(e) govern the acceptance or rejection of such agreements.... [T]he guidelines create a norm to which courts will likely refer when they decide whether, under Rule 11(e), to accept or to reject a plea agreement or recommendation.

U.S.S.G. ch. 1, pt. A4(c). This is not *mere* commentary overriding a policy statement; this is an introduction to the policy statement that explains what it means. And, as we observe above, it is clear from what the Commission says that the policy statement in § 6B1.2 was promulgated to guide, not to constrain, courts in deciding whether to accept or to reject a plea agreement. This conclusion is perfectly consistent with the result reached in *United States v. Hooker,* 993 F.2d 898, 900 (D.C.Cir.1993), where we

held that similar prefatory language rendered certain Chapter 7 policy statements "merely advisory".

█ Having found that the District Court improperly believed itself bound to the 70–to–87–month range, we must decide the appropriate remedy. Unfortunately, it is not clear from the record whether the District Court, by applying the 70–to–71–month range, implicitly rejected the plea agreement without giving Goodall an opportunity to withdraw his plea, or whether, as seems more likely, the District Court accepted and then impermissibly modified the agreed-upon range. If, as we suspect, the District Court meant to accept the plea bargain, but then modified the agreement in light of the PSR, it should proceed immediately with resentencing, considering the whole of the 57–to–71–month range. If, however, the District Court intended to reject the plea agreement, then Goodall must be allowed to withdraw his plea.

For the foregoing reasons, we vacate the judgment and remand to the District Court for resentencing consistent with this opinion.

*So ordered.*

RANDOLPH, Circuit Judge, concurring:

This case is an oddity. When district judges accept plea agreements specifying a particular sentence below the Guidelines range, we almost never review the cases on appeal—for two reasons. One, the government and the defendant can be expected to be happy with the disposition and to have no reason to appeal. Two, neither the government nor the defendant may, in general, appeal a sentence that falls within the bargained-for range.[1] *See* 18 U.S.C.

§ 3742(c). Only the district court's mistake in modifying *and* accepting Goodall's plea agreement brings the question to our attention—the question, that is, whether a district judge may accept a Rule 11(e)(1)(C) plea agreement specifying a sentence below the range set forth in the Sentencing Guidelines.

This question cannot be answered without considering the Sentencing Reform Act, and specifically 18 U.S.C. § 3553(b). Because I believe that this provision requires more attention than the majority opinion gives it, I write separately.

The Sentencing Guidelines, as issued by the United States Sentencing Commission, are binding on the federal courts. *See* 18 U.S.C. § 3551(a); *Stinson v. United States,* 508 U.S. 36, 42, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); *Mistretta v. United States,* 488 U.S. 361, 391, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). The Supreme Court so held on the basis of 18 U.S.C. § 3553(b), which reads as follows:

> The court *shall* impose a sentence of *the kind,* and *within the range,* referred to in subsection (a)(4) ["the guidelines issued by the Sentencing Commission"] *unless* the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

18 U.S.C. § 3553(b) (emphasis added); *see also Stinson,* 508 U.S. at 42, 113 S.Ct. 1913. On the face of it, § 3553(b) precludes a district judge from imposing a sentence outside the Guidelines. Section 3553(b) does not instruct district courts merely to consult the Guidelines for guidance on guilty pleas. If it did, I could go

---

1. Defendants have four statutory grounds to appeal a sentence. *See* 18 U.S.C. § 3742(a). Two of those grounds are foreclosed to defendants like Goodall who enter into plea agreements under Rule 11(e)(1)(C) and receive a sentence within the bargained-for range. *See* 18 U.S.C. § 3742(c)(1). Under 18 U.S.C. § 3742(a)(1), Goodall is still permitted to appeal a sentence "imposed in violation of law."

I agree with the majority that Goodall's sentence was illegal because the district judge accepted the plea agreement and then modified it. The judge's only choice was to accept or reject the bargain outright. *See United States v. Ginyard,* 215 F.3d 83, 87 (D.C.Cir. 2000); *United States v. Veri,* 108 F.3d 1311, 1314–15 (10th Cir.1997).

along with the majority opinion's exploration of ambiguities in the Guidelines. But the statute directs the district courts to sentence "within the range" for the "applicable category of offense" and the "applicable category of defendant." 18 U.S.C. § 3553(a)(4) & (b). This language requires district courts to hand down the sentence specified for the defendant's criminal history and the offense to which he pled guilty, regardless of Guidelines commentary on guilty pleas.

Section 3553(b)'s "shall-unless" logical structure specifies the sole occasion on which a district court may depart from the Guidelines—failure of the Commission to consider adequately an aggravating or mitigating circumstance. *See, e.g., United States v. Adonis*, 891 F.2d 300, 303 (D.C.Cir.1989). One might suppose that Goodall's guilty plea constituted just such a mitigating circumstance. But we rejected that argument in *United States v. Dukes*, 936 F.2d 1281 (D.C.Cir.1991), a case, like this one, presenting the question whether a guilty plea is a circumstance the Commission adequately took into account. We held that a "guilty plea, whether entered pursuant to an agreement or not, does not qualify under 18 U.S.C. § 3553(b). It is a circumstance the Sentencing Commission did take into account," for instance in the reduction for acceptance of responsibility. *See* 936 F.2d at 1282.

The Sentencing Commission's policy statement governing plea agreements restates § 3553(b): "In the case of a plea agreement that includes a specific sentence [Rule 11(e)(1)(C)], the court may accept the agreement if the court is satisfied either that: (1) the agreed sentence is within the applicable guideline range [the 'shall' component of § 3553(b)]; or (2) the agreed sentence departs from the applicable guideline range for justifiable reasons [the 'unless' component of § 3553(b)]."

USSG § 6B1.2(c), p.s. (Nov. 2000). Commentary interpreting this policy statement makes clear that justifiable reasons are only those "authorized by 18 U.S.C. § 3553(b)." USSG § 6B1.2 cmt.

Thus, 18 U.S.C. § 3553(b) and policy statement 6B1.2(c) forbid district judges to accept plea agreements specifying sentences below the Guidelines range. The Commission explained: "A defendant who enters a plea of guilty in a timely manner will enhance the likelihood of his receiving a reduction in offense level under § 3E1.1 (Acceptance of Responsibility). Further reduction in offense level (or sentence) due to a plea agreement *will tend to undermine the sentencing guidelines.*" USSG § 6B1.2 cmt. (emphasis added).

The majority opinion relies on introductory commentary relating to "the Commission's ongoing study of courts' plea agreement practices." Maj. op. at 705. But Guidelines commentary can never justify ignoring the federal sentencing statute. Absent some contrary—and superior—authority, § 3553(b) requires the district courts to sentence plea defendants under the Guidelines. *Cf. Stinson*, 508 U.S. at 43, 45, 113 S.Ct. 1913.

If Guidelines commentary cannot supersede § 3553(b), what of FED R. CRIM. P. 11(e)(1)(C)? This portion of Rule 11 permits the government and defendant to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement or sentencing factor is or is not applicable to the case." Since the Rule permits the parties to agree that particular Guidelines provisions and factors are inapplicable, the parties can decide that a Guidelines sentencing range will not apply. On its face, then, Rule 11(e)(1)(C) conflicts with § 3553(b): the Rule allows the sort of below-the-guidelines bargain Goodall obtained here.[2] *Cf. United States v. Barnes,*

---

**2.** It is possible to read Rule 11(e)(1)(C) more narrowly so that the references to a specific guidelines range and the like merely entitle a defendant to embody in the plea agreement certain fundamental assumptions, thereby creating in him the power to withdraw from the plea if the district court does not employ those assumptions in sentencing. But I be-

83 F.3d 934, 941 (7th Cir.1996); *United States v. Gilchrist*, 130 F.3d 1131, 1134 (3d Cir.1997); *United States v. Aguilar*, 884 F.Supp. 88, 91–92 (E.D.N.Y.1995).

Given the conflict, we must turn to the "supersession clause" in 28 U.S.C. § 2072(b): "all laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." In other words, a federal rule supersedes a conflicting statute at the time the rule takes effect. The portion of Rule 11(e)(1)(C) dealing with the Guidelines was added in 1999. Congress last amended § 3553(b) in 1987. Under the supersession clause, the 1999 amendment to Rule 11(e)(1)(C) takes precedence.

Goodall entered his plea agreement in May 1999 and was sentenced the following July. The amendment to Rule 11(e)(1)(C) permitting his below-the-Guidelines bargain did not take effect until December 1, 1999. On remand, the district court should consider whether to accept or reject Goodall's plea in accordance with the present version of the rule.

lieve that such a reading would be incorrect. Before its amendment in 1999, the rule already permitted the defendant to embody assumptions in the agreement that will bind the district court. *See* FED.R.CRIM.P. 11(e)(3) ("If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."); 11(e)(4) ("If the court rejects the plea agreement, the court shall ... afford the defendant the opportunity to then withdraw the plea....").