# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1951

———————

United States of America,

        Appellee,

v.

Bruce Dewayne Jensen,

        Appellant.

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

———————

Submitted: May 9, 2006
Filed: September 11, 2006

———————

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Bruce Dewayne Jensen pleaded guilty to mailing a threatening communication, in violation of 18 U.S.C. § 876. His written plea agreement with the government was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), binding the district court to impose the sentence agreed upon by the parties once the court accepted the plea agreement. The parties agreed that Jensen's total offense level would be 13, he would be sentenced at the low end of the resulting Guidelines imprisonment range, and he would be allowed to withdraw his guilty plea if the court could not follow the provisions of the plea agreement. At the change-of-plea hearing, the court accepted both Jensen's guilty plea and the plea agreement.

With a total offense level of 13 and a Category VI criminal history, Jensen's Guidelines imprisonment range was 33-41 months. At the sentencing hearing, consistent with the plea agreement, the parties recommended a sentence at the bottom of the range. The district court, however, varied upward under United States v. Booker, 543 U.S. 220 (2005), and imposed a sentence of 60 months in prison and 3 years of supervised release. Jensen appeals.

The parties agree in their briefs on appeal that the standard of review is plain error because Jensen did not object to the district court's failure to follow the plea agreement at sentencing.[1] To succeed under this standard of review, Jensen must show that there was error, that the error is plain, and that the error affects his substantial rights. If so, we may then exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Cotton, 535 U.S. 625, 631 (2002).

We first conclude that the district court erred. The court neither imposed the sentence specified by the plea agreement, as Rule 11(c)(1)(C) requires, nor rejected the plea agreement "on the record and in open court" and gave Jensen an opportunity to withdraw his guilty plea, as Rule 11(c)(5) requires. We next conclude that the error is clear under current law. See United States v. Thompson, 403 F.3d 1037, 1040-41 (8th Cir. 2005) (explaining effect of Rule 11(c)(1)(C) plea agreement and remedy for its breach). Third, we conclude that the error affected Jensen's substantial rights because it increased his sentence by 27 months. See United States v. Kroeger, 229 F.3d 700, 702 (8th Cir. 2000) (concluding error that increased defendant's sentence by 30 months affected his substantial rights); United States v. Comstock, 154 F.3d

---

[1]The government does not argue that Jensen waived, as opposed to forfeited, the claimed error by failing to object. See United States v. Olano, 507 U.S. 725, 733 (1993) (forfeiture is failure to make timely assertion of right, while waiver is intentional relinquishment or abandonment of known right).

845, 850 (8th Cir. 1998) (concluding error that increased defendant's sentence by 17 months affected his substantial rights).

We finally reach the question whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. We conclude that it does. See Kroeger, 229 F.3d at 703 (concluding 30-month error seriously affected fairness, integrity, or public reputation of judicial proceedings); Comstock, 154 F.3d at 850 (reaching same conclusion as to 17-month error); United States v. Marsanico, 61 F.3d 666, 668 (8th Cir. 1995) (not correcting 21-month error would result in miscarriage of justice); accord United States v. Pirani, 406 F.3d 543, 553-54 (8th Cir.) (en banc) (describing Comstock, among other cases, as "reflect[ing] proper concern that the fairness, integrity, and public reputation of judicial proceedings are seriously affected when a defendant must spend additional time in prison on account of an illegal sentence"), cert. denied, 126 S. Ct. 266 (2005).

Accordingly, we vacate Jensen's sentence. The district court accepted the plea agreement at the change-of-plea hearing rather than deferring acceptance until after the court had reviewed the presentence report. See Fed. R. Crim. P. 11(c)(3)(A). We deem the appropriate remedy to be to remand the case for resentencing. At resentencing, the district court may either impose a sentence consistent with the plea agreement, see, e.g., United States v. Arrieta, 436 F.3d 1246, 1251 (10th Cir.), cert. denied, 126 S. Ct. 2368 (2006); United States v. Goodall, 236 F.3d 700, 706 (D.C. Cir. 2001), or withdraw its acceptance of the plea agreement, permit Jensen to withdraw his plea of guilty, and set the case for trial, see, e.g., United States v. Carr, 170 F.3d 572, 576 (6th Cir.), cert. denied, 527 U.S. 1028 (1999); United States v. Mukai, 26 F.3d 953, 956-57 (9th Cir. 1994).

_____