**In re SEALED CASE.**

No. 96–3036.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 21, 1997.

Decided March 14, 1997.

Thomas G. Corcoran, Jr., Washington, DC, appointed by the court, argued the cause and filed the briefs for appellant.

Colleen Covell, Assistant United States Attorney, argued the cause for appellee, with whom Eric H. Holder, Jr., United States Attorney, John R. Fisher, Thomas J. Tourish, Jr., and Martin D. Carpenter, Assistant United States Attorneys, were on the brief.

Before: EDWARDS, Chief Judge, SILBERMAN and SENTELLE, Circuit Judges.

PER CURIAM:

Appellant challenges his sentence for conspiracy to distribute five kilograms or more of cocaine. We vacate the sentence and remand for resentencing.

### I.

Appellant was a member of a conspiracy that had as its object the shipment via overnight courier of two packages of cocaine from Los Angeles to the D.C. area. One of the packages, containing approximately three kilograms of cocaine, was shipped to a Hartford Street address in the District, and the other, containing approximately four kilograms, was shipped to a Featherwood Drive address in Montgomery County. At trial, the government adduced evidence that clearly implicated appellant in the Hartford Street delivery and that connected appellant with his co-conspirators, who were implicated in the Featherwood Drive delivery. The jury convicted appellant of conspiracy with intent to distribute and possession with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (1994). The pre-sentence investigation report (PIR) stated that "[t]rial testimony revealed that the defendants are equally and jointly responsible for all drugs involved," and that "the total amount of drugs involved in the conspiracy were used to obtain the offense level." At the sentencing hearing, the district judge did not directly address the total amount of drugs that should be attributed to appellant, but he did generally adopt the findings of the PIR. He also rejected appellant's request for a downward departure based on an overrepresentation of appellant's criminal history. Because the two packages together totaled more than five (but less than 15) kilograms of cocaine, the district court sentenced appellant to 360 months, based on an offense level of 37. *See* 21 U.S.C. § 841(b)(1)(A) (1994); U.S.S.G. § 4B1.1 (1995).

### II.

Appellant argues that the district court should be reversed because it thought it lacked the authority to depart downward if the sentence under the guidelines overrepresented the severity of his conduct. This argument is meritless. The record shows that the district court was well aware of its authority to depart; it simply thought such a departure unwarranted.

■ Appellant also challenges the district court's failure to make individualized findings showing the basis on which it found that appellant could reasonably foresee *both* packages of drugs shipped from Los Angeles. Appellant does not protest the attribution of the four-kilogram Hartford Street package, but he argues that the evidence is insufficient to tie him to the three-kilogram Featherwood Drive package. If he is correct, his offense level would be 34, yielding a sentence range the maximum of which is lower than the sentence he received.

To be sure, appellant did not make this argument at sentencing. Indeed, through his sentencing counsel (who had not yet read the trial transcript), he represented that the amount of drugs involved in the case was 6.9 kilograms. But that representation was in response to a discrepancy in the draft PIR, which at one point stated that the total amount of drugs in the case was 10.712 kilograms. The government contends that this representation constitutes a concession that cannot now be complained of on appeal. That is an overstatement; sentencing counsel was faced with a pre-sentence report that listed two different quantities as the total amount of drugs in the case, and he chose the one that had some relevance to the case. We are, frankly, astonished that counsel would purport to represent his client's inter-

ests at sentencing without even reading the trial transcript. Still, it is not as if counsel made a strategic decision to select the lower amount for fear that appellant would get stuck with the larger amount, for that larger amount had no relation to the case—it was simply a mistake. Appellant may have acquiesced in what he now claims is error, but he did not invite it. *Compare United States v. Harrison*, 103 F.3d 986, 992 (D.C.Cir. 1997). We thus review for plain error, which, although difficult to meet, is "slightly less exacting" in the context of sentencing decisions than in that of trial errors. *United States v. Saro*, 24 F.3d 283, 286–87 (D.C.Cir. 1994).

█ We have emphasized that "the district court at sentencing must spell out in some detail the evidentiary basis" for concluding that a defendant is liable for the acts of his co-conspirators. *See United States v. Childress*, 58 F.3d 693, 722 (D.C.Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 825, 133 L.Ed.2d 768 (1996); *Saro*, 24 F.3d at 290 (D.C.Cir.1994). The government seems to acknowledge that the district court did not satisfy this procedural requisite, but it emphasizes that a remand is inappropriate unless it is "reasonably likely," *Saro*, 24 F.3d at 290, that appellant will not be held responsible for the Featherwood Drive shipment. In the government's view, a "host of facts" supports the conclusion that appellant was properly sentenced based on the attribution of both packages. But the government points mainly to evidence linking appellant to his co-conspirators, and to evidence linking the co-conspirators to the Featherwood Drive shipment. The only evidence in the record that supports a direct link between appellant and the Featherwood Drive shipment is a notebook found in the automobile used by appellant to transport the Hartford Drive shipment away from that location; the notebook had inscribed in it the Featherwood Drive address. It may be that there is evidence indicating appellant (implicitly or explicitly) joined in a chain conspiracy and is thus responsible for the overall scheme, but neither the PIR nor the district court identi-

fied it. And perhaps the notebook evidence alone is sufficient to support the attribution of the Featherwood Drive shipment on a hub-and-spoke theory. With nothing to indicate to us on what basis the district court thought the Featherwood Drive shipment should be attributed to appellant, we are unwilling to rest on such a seemingly tenuous connection.[1]

█ We are mindful that the sentencing court, after presiding over trial and a sentencing hearing, is in the best position to determine the quantity of drugs that should be attributed to a particular member of a conspiracy. But in making such a determination, we require "detailed findings with respect to the evidentiary links tying" a particular defendant to the amount of drugs for which the district court finds him responsible. *United States v. Dudley*, 104 F.3d 442, 447 (D.C.Cir.1997). Although these findings are ultimately the responsibility of the district court, the government is uniquely situated "to aid the court in its sentencing decision." *Id.* As we have done before, then, "[w]e encourage the government to submit to the district court (with notice to and service on the defendant) proposed findings that will support the sentence to be imposed." *Id.*

On the present record, we have only a very narrow, and possibly inadequate, factual basis to support the attribution of both shipments to appellant. Because the district court did not explain its rationale for this aspect of the sentence, and because appellant's sentence would be affected if he is held responsible only for the Hartford Street shipment, we vacate the sentence and remand for resentencing.

█

---

1. It is of no consequence that the jury convicted appellant of conspiracy with intent to distribute, and possession with intent to distribute, *five or more* kilograms of cocaine, since the jury was instructed that the government need not prove the quantity charged.