UNITED STATES of America

v.

Alan FRASER, Appellant

No. 00–1355, 01–2825.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) June 14, 2002.

Filed June 26, 2002.

Before ROTH, RENDELL, and
ROSENN, Circuit Judges.

OPINION

RENDELL, Circuit Judge.

On September 20, 1999, Alan Fraser
pled guilty to one count of an indictment,

charging him with transporting and shipping in interstate commerce visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and which visual depictions were of in violation of 18 U.S.C. § 2252(a)(1). On April 19, 2000, after denying Fraser's motions for downward departure under the sentencing guidelines, the District Court sentenced him to 17 months incarceration and a term of three years supervised release. In addition to the standard conditions of supervision, the District Court imposed seven additional conditions. Fraser now appeals from the District Court's Judgment and Commitment Order.

For the reasons stated below, we will affirm the District Court's order. In addition, in a separate order, we will grant the motion of Fraser's counsel, William A. Fitzpatrick, Esq., for leave to withdraw as counsel.

Fraser's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), expressing his belief that there were no non-frivolous issues presented for our review. As required by *Anders,* counsel directed us to portions of the record that might arguably support an appeal. He points to five possible issues for appeal.

First, counsel raises whether the District Court and the Third Circuit Court of Appeals abused their discretion by refusing to release Fraser on bail pending his appeal. This issue is moot since Appellant was paroled on August 20, 2001 and is free of incarceration, albeit under supervised release.

The second possible issue counsel raises is whether Fraser was deprived of his constitutional right to free exercise of religion when he was sentenced during Holy Week and his *pro se* request for a continu-

ance was denied. This issue is frivolous, as it finds support in case law or statute.

■ Third, counsel raises the issue whether Fraser's Fifth Amendment rights were violated by a lengthy delay between the occurrence of the alleged criminal acts and the indictment. While the offense occurred on September 26, 1994, Fraser was not indicted until July 22, 1999. "The Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay caused substantial prejudice to [the defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Fraser has failed to demonstrate the specific prejudice necessary for us to hold that his right to due process was violated. The government gained no tactical advantage as a consequence of the delay, a delay that can be attributed to Fraser's desire to cooperate in other prosecutions and to the United States Attorney's coordination of this case with an FBI investigation. Accordingly, we conclude that this issue is without merit.

■ Fourth, counsel addresses the issue of whether Fraser's guilty plea was flawed because he was not informed of several conditions ordered by the District Court as part of his supervised release. Specifically, Fraser objects in his pro se submissions to the conditions of supervised release concerning access to computers and the Internet. This issue may be approached in two ways, neither of which merits relief on direct appeal. This argument can be viewed as a claim that counsel was ineffective. Except where the ineffectiveness of counsel is plain on the face of the record, see *United States v. Headley,* 923 F.2d 1079, 1083 (3d Cir.1991), "the proper avenue for pursuing such claims is through a

collateral proceeding in which the factual basis for the claim may be developed." *United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir.1989), overruled on other grounds, *United States v. Price*, 76 F.3d 526 (3d Cir.1996). We conclude that ineffectiveness of counsel is not plain on the face of the record. Therefore, any challenge in this regard must be pursued in a collateral proceeding.

Alternatively, Fraser might be understood as contesting the validity of his guilty plea on the grounds that it was not knowing, voluntary and willing. Since Fraser failed to object at trial, we review for plain error. *Cf. United States v. Warren*, 186 F.3d 358, 362 (3d Cir.1999). "A sentencing error is plain where it is obvious under settled law and would result in grave prejudice or a miscarriage of justice if not corrected on appeal." *See United States v. Ginyard*, 215 F.3d 83, 87 (D.C.Cir.2000). "*Rule 11* requires the court to inform the defendant of, and make sure he or she understands, the maximum possible penalty provided by law, including the effect of any special parole or supervised release term." *United States v. Cleary*, 46 F.3d 307, 310 (3d Cir.1995) (internal quotations omitted). However, it has never been held that *Rule 11* required every conceivable consequence of a guilty plea to be explained to the defendant. *Kincade v. United States*, 559 F.2d 906, 908 (3d Cir.1977). We cannot conclude that the District Court's failure to inform Fraser of the limitations on his use and possession of computers has resulted in any grave prejudice or miscarriage of justice and thus, we reject this argument.

■ Fifth, counsel raises the issue whether the District Court abused its discretion by refusing to depart downward from the sentencing guidelines range on the grounds of diminished mental capacity and extraordinary family circumstances. The District Court, while recognizing its power to depart from the Sentencing Guidelines, exercised its discretion and chose not to depart. We lack jurisdiction to review the District Court's exercise of discretion, *United States v. Torres*, 251 F.3d 138, 145 (3d Cir.2001), and thus, this objection is without merit.

As required by *Anders*, Fraser was given notice of his attorney's desire to withdraw, allowing Fraser the opportunity to raise any issues for appeal in a *pro se* brief. 386 U.S. at 744. The seven additional grounds for appeal raised in Fraser's *pro se* brief are without merit. All of these grounds are essentially claims that his court-appointed counsel was ineffective.[1] As previously noted, challenges to the effectiveness of counsel should be made in a collateral proceeding.

Our review of the record demonstrates no reason to disturb the judgment of the District Court. We find that counsel, as required by *Anders*, conducted a conscientious review of the record and correctly concluded that there were no non-frivolous issues for appeal. 386 U.S. at 744. We are satisfied that all requirements of *Anders* have been met. Accordingly, we will AFFIRM the Orders of the District Court

---

1. Fraser cites the following seven instances to demonstrate the ineffectiveness of counsel: (1) counsel failed to provide him with transcripts of the guilty plea colloquy and sentencing hearing despite his requests, (2) counsel failed to adequately communicate with Fraser and caused the record to become cluttered with numerous motions, (3) counsel failed to advise him of the ramifications of the conditions of supervised release, (4) counsel failed to adequately pursue the issue of prejudicial delay, (5) counsel failed to adequately pursue pre–trial suppression issues, (6) counsel failed to adequately pursue downward departure issues at sentencing, (7) by filing an *Anders* counsel failed to adequately represent him on appeal.

and GRANT counsel's request to withdraw.