**UNITED STATES of America, Appellee,**

v.

**Antonio MCCALLISTER, Appellant.**

**No. 01–3149.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 8, 2002.

Before EDWARDS, SENTELLE, and HENDERSON, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

**ORDERED AND ADJUDGED** that the district court's judgment filed January 7, 2002, be affirmed. Appellant did not raise the issue whether his plea agreement barred him from seeking a downward departure pursuant to U.S.S.G. Chapter 5, Part K for playing a minor role within the meaning of U.S.S.G. § 3B1.2(b). Therefore, the court reviews the district court's decision under a "plain error" standard. *See United States v. Ginyard*, 215 F.3d 83, 86–87 (D.C.Cir.2000). It was not plain error for the district court to determine that the plea agreement barred appellant from seeking the downward departure. The term "base offense level" may be interpreted to have the meaning assigned to it by the district court. Furthermore, appellant may not challenge an alleged dis-

trict court error that he invited. *See id.,* at 88.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.