**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FILED
United States Court of Appeals
Tenth Circuit

**July 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CESAR GONZALEZ-GURROLA,

Defendant - Appellant.

No. 23-2099
(D.C. No. 2:22-CR-01946-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **BACHARACH**, Circuit Judges.
_____

This appeal grew out of an agreement for the defendant to plead guilty in return for a particular sentence. But the district court rejected the agreement and imposed a harsher prison term. The defendant, Mr. Cesar Gonzalez-Gurrola, challenges the district court's decisions to reject the agreement and impose a harsher sentence. We affirm.

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**1.    Mr. Gonzalez-Gurrola pleads guilty to conspiracy to transport undocumented immigrants.**

Mr. Gonzalez-Gurrola drove two undocumented immigrants from Mexico to the United States. One of the immigrants was a 7-year-old girl traveling by herself; the other immigrant was an unrelated adult.

Mr. Gonzalez-Gurrola pleaded guilty to conspiracy to transport illegal aliens. 8 U.S.C. § 1324(a)(1)(A)(v)(I). The guideline range was 4–10 months' imprisonment, and the parties agreed to a sentence of 4 months. The district court rejected the agreement and later imposed a sentence of 32 months' imprisonment.

**2.    The district court didn't err in rejecting the agreement.**

Mr. Gonzalez-Gurrola challenges rejection of the agreement, arguing that the district court erred procedurally by participating in plea negotiations and failing to explain the right to withdraw the guilty plea.

**a.    The defendant waived his challenge involving participation in plea negotiations.**

Mr. Gonzalez-Gurrola argues that the district court improperly participated in plea negotiations[1] by expressing an intent to impose a 32-month prison term. But the court didn't express that intent out of thin air; when the district court rejected the agreement, Mr. Gonzalez-Gurrola's attorney asked the court how long the sentence could be:

---

[1]    Fed. R. Crim. P. 11(c)(1) prohibits the district court from participating in plea negotiations.

2

[Mr. Gonzalez-Gurrola's attorney]: I don't know if Your Honor . . . feels comfortable proposing what the proposed sentence may be? . . . [I]f we can have another continuance, I can discuss with him about, so I can lay out what his options could be?

Supp. R. at 20. The court answered that it was tentatively considering a sentence of about 32 months. *Id.*

At a later hearing, Mr. Gonzalez-Gurrola's attorney again asked what to "expect in terms of sentencing." R. vol. 3, at 45–46. The court pointed out that it had said "last time" that it "was considering 32 months." *Id.*

Both times, the court was simply answering defense counsel's question when stating that the likely sentence would be about 32 months. So Mr. Gonzalez-Gurrola invited any possible error by asking the court how long the sentence might be. *See United States v. Ginyard*, 215 F.3d 83, 88 (D.C. Cir. 2000) (concluding that the defendant had invited any possible error by asking the district court for its opinion about an acceptable sentence); *United States v. Mamoth*, 47 F.4th 394, 398–99 (5th Cir. 2022) (concluding that the defendant had invited any possible error by asking the district court what it would accept as the sentence). Given Mr. Gonzalez-Gurrola's role in inviting the alleged error, we cannot reverse on this basis. *See United States v. Edward J.*, 224 F.3d 1216, 1222 (10th Cir. 2000) (stating that a party can't obtain reversal by inducing court action and then characterizing that action as erroneous).

3

### b.    Mr. Gonzalez-Gurrola didn't suffer prejudice from the failure to explain that he could withdraw his guilty plea.

After rejecting the agreement, the district court needed to state to Mr. Gonzalez-Gurrola that he could withdraw his plea. Fed. R. Crim. P. 11(c)(5)(B)–(C). But the court didn't make this statement, and the government concedes that the omission constituted error.[2]

Despite the concession of error, we apply the plain-error standard because Mr. Gonzalez-Gurrola's attorney didn't object in district court. *United States v. Uscanga-Mora*, 562 F.3d 1289, 1293 (10th Cir. 2009) (Gorsuch, J.). Under that standard, we can reverse only if the error had affected Mr. Gonzalez-Gurrola's substantial rights. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732–33 (10th Cir. 2005) (en banc).

Mr. Gonzalez-Gurrola bears the burden of showing an effect on his substantial rights. *Id.* He didn't satisfy that burden because he had been told three times about his option to withdraw the guilty plea.

---

[2]    The district court also needed to inform Mr. Gonzalez-Gurrola that the sentence could exceed the agreed terms. Fed. R. Crim. P. 11(c)(5)(C). The district court didn't inform Mr. Gonzalez-Gurrola of this possibility, and he states that this error affected his substantial rights. But Mr. Gonzalez-Gurrola does not support this statement with any argument. *See United States v. Beckstead*, 500 F.3d 1154, 1164–65 (10th Cir. 2007) (stating that two section headings, a single sentence, and two phrases don't constitute adequate development of an argument).

First, the agreement told Mr. Gonzalez-Gurrola that he could withdraw the guilty plea if the court were to reject the agreement, and he acknowledged discussing this term with his attorney.

Second, Mr. Gonzalez-Gurrola appeared at his plea hearing, where defense counsel explained the right to withdraw the guilty plea if the district judge were to reject the parties' agreement on the sentence. Mr. Gonzalez-Gurrola then confirmed that he had the same understanding of the agreement.

Third, in a later hearing, defense counsel said in Mr. Gonzalez-Gurrola's presence that he would have the right to withdraw the guilty plea.

From the three disclosures, Mr. Gonzalez-Gurrola apparently knew that he could withdraw his guilty plea upon rejection of the agreement.

Even now, Mr. Gonzalez-Gurrola doesn't suggest that he would have changed his plea if he had been reminded of this right. He instead says only that if he had been told about this possibility, he "may well have decided to roll the dice." Appellant's Reply Br. at 9. But Mr. Gonzalez-Gurrola bore the burden of persuasion; it isn't enough to say that he might have changed his plea. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004); *accord United States v. Dixon*, 308 F.3d 229, 235 (3d Cir. 2002) (concluding that a failure to accurately advise the defendant of the possible sentence upon entry of a guilty plea didn't affect his substantial

rights because he hadn't "clearly and unmistakeably asserted" that he would have pleaded not guilty with the correct information).[3] We thus conclude that the district court didn't affect Mr. Gonzalez-Gurrola's substantial rights by failing to tell him that he could withdraw the guilty plea.

c.    **The district court had discretion to reject the agreed sentence.**

Mr. Gonzalez-Gurrola argues that the district court shouldn't have rejected the agreement. To review this argument, we apply the abuse-of-discretion standard. *United States v. Vanderwerff*, 788 F.3d 1266, 1271 (10th Cir. 2015).

The court had discretion to determine whether the agreement was too lenient. *United States v. Carrigan*, 778 F.2d 1454, 1462 (10th Cir. 1985). The court exercised this discretion, determining that a 4-month sentence would be too lenient because the crime had led to placement of a 7-year-old girl in a shelter. This reasoning fell within the district court's discretion.[4]

---

[3]    In his reply brief, Mr. Gonzalez-Gurrola argued that he might have wanted to plead not guilty in order to seek jury nullification. But "where the only possible deprivation suffered by the defendant is the possibility of jury nullification, the defendant's substantial rights have not been violated." *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997) (citation & internal quotation marks omitted).

[4]    Mr. Gonzalez-Gurrola argues that the discretion was limited because the agreement partly involved a refusal to bring further charges. But the

**3.    The district court didn't err by imposing a 32-month sentence.**

Mr. Gonzalez-Gurrola challenges not only the district court's rejection of the agreement, but also the sentence itself. These challenges to the sentence are both procedural and substantive.

**a.    The district court didn't err procedurally**.

The procedural challenges involve the district court's explanation for the sentence.

**The applicable standard of review.** When the defendant challenges the sufficiency of the district court's explanation, we apply the abuse-of-discretion standard. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214–15, 1222–23 (10th Cir. 2008). But when the defendant hears the explanation and declines to object, we typically apply the plain-error standard. *United States v. Uscanga-Mora*, 562 F.3d 1289, 1293–94 (10th Cir. 2009) (Gorsuch, J.).

**Challenges to the sufficiency of the explanation.** Mr. Gonzalez-Gurrola argues that the district court didn't adequately discuss the statutory sentencing factors. But Mr. Gonzalez-Gurrola didn't object, so we apply the plain-error standard.

---

district court didn't reject the agreement because of the protection against further charges.

Mr. Gonzalez-Gurrola acknowledges that he didn't object to the district court's explanation for the sentence. But he insists that any objection would have been futile.

In some circumstances, an objection might be futile, relieving the defendant of the need to establish plain error. *See, e.g.*, *United States v. Algarate-Valencia*, 550 F.3d 1238, 1243 (10th Cir. 2008) (declining to apply the plain-error standard based on the futility of a further objection). But these circumstances are limited: An objection would be futile only when

- the defendant has already made the position clear to the district court and

- it's obvious that the court had already made a final decision.

*Id.* at 1243 n.4.

These circumstances weren't present here. The district court did make it clear that it was going to reject the agreement. But that ruling didn't involve the court's explanation for the sentence. Before the actual sentencing, the court's only comments about the likely prison term involved tentative responses to defense counsel's questions:

> "[I]f [Mr. Gonzalez-Gurrola] pleads and continues to accept responsibility for this, it would still be an upward variance. So I would anticipate, I don't know, maybe, high end is 16 months, maybe 32 months, something like that?"

> * * * *

8

"That is what I would consider if he continues to accept responsibilit[y] for what he did in this case. And I mean, you know, you all can continue to make arguments. I mean, I'm happy to do that. I don't want to waste anybody's time. And if there's nothing we can do about this kid being an orphan now, there's nothing we can do. But it's horrific."

Supp. R. at 20–21.

After hearing the court's responses, defense counsel proposed a sentence of twelve months and a day. This proposal would have made little sense if defense counsel thought that the court had already decided on the sentence. Given defense counsel's proposal and the tentative nature of the court's responses, we apply the plain-error standard rather than the more rigorous standard for an abuse of discretion.

We apply the plain-error standard based on seven statutory factors for the sentence:

1.  the nature and circumstances of the offense and the history and characteristics of the defendant,

2.  the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, protect the public and provide rehabilitation,

3.  the legally available sentences,

4.  the U.S. Sentencing Guidelines,

5.  the Sentencing Commission's policy statements,

6.  the need to avoid unwarranted sentence disparities among defendants with similar records, and

7.  the need for restitution.

9

18 U.S.C. § 3553(a).

But these factors don't always bear equal weight, and the court can emphasize some over others. *See United States v. Sanchez-Leon*, 764 F.3d 1248, 1267–68 (10th Cir. 2014) (stating that district courts need not equally weigh the statutory sentencing factors). Here the court focused on one aspect of the sentence: the seriousness of the underlying conduct.

The court considered the conduct particularly serious because Mr. Gonzalez-Gurrola had picked up a 7-year-old girl, traveling alone, and had planned to drive her to Atlanta. The court repeatedly focused on this conduct when explaining the reasonableness of a sentence approximating 32 months.

The court also referred to other sentencing factors, but Mr. Gonzalez-Gurrola argues that

- these references were conclusory and

- the explanation put too much emphasis on the impact on the girl.

To resolve this argument, we consider whether the district court's explanation for the sentence was obviously deficient. *See United States v. Olano*, 507 U.S. 725, 734 (1993) (stating that an error is *plain* only if it's "clear" or "obvious"). In our view, the answer is *no*.

The court discussed Mr. Gonzalez-Gurrola's relatively clean criminal history, his untruthful statement to border patrol that he hadn't been paid

10

for the trip, the need for just punishment and respect for the law, and the need to avoid unwarranted sentencing disparities. Given that discussion, the district court didn't commit an obvious failure to adequately explain the sentence.

Mr. Gonzalez-Gurrola also criticizes the district court for relying on the frequency of upward variances involving transportation of "very young unaccompanied minors." R. vol. 3, at 59. For this criticism, Mr. Gonzalez-Gurrola says that the district court failed to provide any factual support. But Mr. Gonzalez-Gurrola doesn't argue that this statement affected his substantial rights. In the absence of an effect on his substantial rights, the district court's statement doesn't support reversal under the plain-error standard. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732–33 (10th Cir. 2005) (en banc).

**Challenges to the content of the explanation.** Mr. Gonzalez-Gurrola challenges not only the explanation's sufficiency but also its content. For the sake of argument, we can assume that Mr. Gonzalez preserved these challenges. With that assumption, we would apply the abuse-of-discretion standard and conclude that the court had acted within its discretion. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214–15 (10th Cir. 2008).

Mr. Gonzalez-Gurrola questions the reliance on his role in transporting the girl, arguing that the court erred by relying on just one sentence factor and disregarding everything else. In fact, the court relied

11

not only on the impact of the crime, but also on Mr. Gonzalez-Gurrola's dishonest statements to border patrol. With these aggravating factors, the court considered Mr. Gonzalez-Gurrola's cooperation with the government. He argues that the cooperation deserved greater weight, but the court had discretion to put greater weight on the harm to the girl and Mr. Gonzalez-Gurrola's dishonesty to border patrol. *See United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) (stating that a district court abuses its sentencing discretion only if the sentence exceeded the bounds of permissible choice).

Nor did the court abuse its discretion by rejecting Mr. Gonzalez-Gurrola's explanation. He insists that he thought he was taking the girl to her family. But the district court questioned why Mr. Gonzalez-Gurrola would believe he was taking the girl to her family. In response, Mr. Gonzalez-Gurrola said that he had been told that the girl would be reunited with her aunt. But Mr. Gonzales-Gurrola also represented that a cartel had forced him to drive the two individuals. So the court could reasonably question why Mr. Gonzalez-Gurrola would have thought that he was taking the girl to her aunt.

The court focused also on Mr. Gonzalez-Gurrola's role in separating the girl from her family. He argues that by the time he picked up the girl, she had already been separated from her family. But Mr. Gonzalez-Gurrola was convicted of conspiring to illegally transport the girl. And as a

conspirator, Mr. Gonzalez-Gurrola bore responsibility for the acts of his conspirators. *Pinkerton v. United States*, 328 U.S. 640, 647–48 (1946). So the court could reasonably fault Mr. Gonzalez-Gurrola for uprooting the girl from her family.

> **b.    The court didn't err substantively.**

Finally, Mr. Gonzalez-Gurrola argues that his 32-month sentence was substantively unreasonable because it was too long. For this argument, he contends that

- he didn't get an appropriate benefit for entering into a fast-track agreement,

- a later guideline amendment would have retroactively reduced his guideline range, and

- the upward variance rested solely on speculation that authorities hadn't reunited the girl with her family.

For these arguments, we apply the abuse-of-discretion standard. *United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019). In our view, the court acted within its discretion.

The court acknowledged entry into a fast-track agreement, but concluded that other factors supported an upward variance. And Mr. Gonzalez-Gurrola can't show that the court had acted unreasonably by disregarding an amendment to the guidelines that hadn't taken effect.[5] *See*

---

[5]    Mr. Gonzalez-Gurrola was sentenced in June 2023. The guideline amendment took effect roughly five months later. *See* 88 Fed. Reg. 28,254, 2023 WL 319918 (May 3, 2023).

*United States v. McCoy*, 804 F.3d 349, 353 (4th Cir. 2015) (concluding that a sentence didn't become substantively unreasonable when a guideline amendment later took effect and lowered the base-offense level). Finally, the district court didn't vary upward based solely on the girl's separation from her family. As noted above, the court referred to various statutory factors when explaining the upward variance. *See* pp. 11–13, above. We thus conclude that the court didn't abuse its discretion in imposing a 32-month sentence.

* * *

Mr. Gonzalez-Gurrola invited any potential error involving the district court's participation in plea discussions. Granted, the district court should have told Mr. Gonzalez-Gurrola that he could withdraw his guilty plea. But the district court's error didn't affect Mr. Gonzalez-Gurrola's substantial rights.

Nor did the district court abuse its discretion in rejecting the agreement. The court could reasonably conclude that the agreement would have resulted in an overly lenient sentence.

And the court didn't commit reversible error in deciding on a 32-month sentence or in explaining it. This explanation addressed the statutory sentencing factors, and the court could reasonably regard the conduct as egregious because it led to placement of a 7-year-old girl in a shelter.

We thus affirm the conviction and sentence.

Entered for the Court


Robert E. Bacharach
Circuit Judge