FILED
United States Court of Appeals
Tenth Circuit

August 14, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN JOSE MATIAS-GUTIERREZ,

    Defendant - Appellant.

No. 23-2132
(D.C. No. 2:22-CR-01596-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **BACHARACH**, Circuit Judges.
_____

This appeal grew out of an agreement for the defendant to plead guilty in exchange for a stipulated prison sentence. But the district court rejected the stipulated sentence and imposed a harsher prison term. The defendant, Mr. Juan Jose Matias-Gutierrez, challenges the district court's decisions to reject the agreement and to impose a harsher sentence. We affirm.

---

[*]     This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**1.      Mr. Matias-Gutierrez pleads guilty.**

Mr. Matias-Gutierrez agreed to plead guilty to illegally reentering the United States. *See* 8 U.S.C. § 1326(a)–(b). The guideline range was 24 to 30 months' imprisonment, and the parties stipulated to a 30-month sentence upon entry of a guilty plea. With the stipulation, Mr. Matias-Gutierrez pleaded guilty. But the district court rejected the agreement and later imposed a sentence of 60 months' imprisonment.

**2.      The district court didn't commit reversible error by rejecting the agreement.**

Mr. Matias-Gutierrez argues that the district court erred in rejecting the agreement by (1) participating in plea negotiations and (2) relying on a prior conviction for attempted sexual assault of a child.

**a.      The defendant invited any potential error involving participation in plea negotiations.**

Mr. Matias-Gutierrez alleges that the district court improperly participated in plea negotiations[1] by expressing an intent to impose a sentence longer than 30 months. But the court didn't express that intent out of thin air. At a hearing, the district court commented that a 30-month sentence might be too light. In response, Mr. Matias-Gutierrez's attorney asked: "[W]hat kind of sentence are you anticipating?" R. vol. 2, at 7. The

---

[1]      Federal Rule of Criminal Procedure 11(c)(1) states that the district court cannot participate in plea negotiations.

2

court replied: "[G]iven where we are right now, I'd probably say a 48-month sentence." *Id.*

Mr. Matias-Gutierrez characterizes this reply as improper participation in plea negotiations. But the court was simply answering defense counsel's question. So even if the court had erred, Mr. Matias-Gutierrez would have invited that error by asking about the potential sentence. *See United States v. Mamoth*, 47 F.4th 394, 398–99 (5th Cir. 2022) (concluding that the defendant invited any possible error by asking the district court what it would accept as the sentence); *United States v. Ginyard*, 215 F.3d 83, 88 (D.C. Cir. 2000) (concluding that the defendant invited any possible error by asking the district court for its opinion about an acceptable sentence). Because Mr. Matias-Gutierrez had invited any alleged error, we cannot reverse on this basis. *See United States v. Edward J.,* 224 F.3d 1216, 1222 (10th Cir. 2000) (stating that a party can't obtain reversal by inducing court action and then characterizing that action as erroneous).

**b.    The district court didn't plainly err in rejecting the parties' stipulation of a 30-month sentence.**

Mr. Matias-Gutierrez challenges the district court's rejection of the stipulation for a 30-month sentence. In his view, the district court

- erred in relying on hearsay statements about the conduct underlying a prior conviction for attempted sexual assault,

3

- mischaracterized the prior conviction as an actual sexual assault rather than an attempt, and

- should have relied on the elements of the prior offense rather than the underlying conduct.

Mr. Matias-Gutierrez did not make these arguments in district court, so we apply the plain-error standard. Under this standard, Mr. Matias-Gutierrez must show that there is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Caraway*, 534 F.3d 1290, 1298 (10th Cir. 2008) (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc)).

**Hearsay statements about a sexual assault.** The presentence report contains hearsay statements, summarizing a school counselor's statement that a 10-year-old girl had reported sexual abuse by Mr. Matias-Gutierrez. Supp. R. vol. 1, at 7. (The girl was Mr. Matias-Gutierrez's niece.) Mr. Matias-Gutierrez did not object to the section of the presentence report containing these statements. But at the sentencing, he denied the accusation of sexual abuse and an attraction to children. R. vol. 2, at 19–21.

After hearing these denials, the court confronted Mr. Matias-Gutierrez with his niece's report of a sexual assault: "So my concern is with children. I mean, if you don't have a sexual attraction to children,

4

why did you repeatedly rape your ten-year-old niece when you were 41 years old?" *Id.* at 21.

From this question, Mr. Matias-Gutierrez contends that the district court relied improperly on the girl's out-of-court statements, pointing out that the conviction involved attempted sexual abuse rather than an actual rape. We reject this contention because the court didn't rely on the girl's statements.

The question came at a hearing where the court was considering whether the stipulated sentence would be long enough to protect the public. In the hearing, Mr. Matias-Gutierrez said that he respected minor persons and was not addicted to them. *Id.* at 19. The court then asked Mr. Matias-Gutierrez why he had "repeatedly rape[d] [his] ten-year-old niece when [he was] 41 years old." *Id.* at 21.

The niece had alleged rape, and the court apparently considered that allegation when questioning Mr. Matias-Gutierrez about his attraction to underage girls. And the court later rejected the plea agreement. But the court didn't state that it was rejecting the plea agreement based on a belief that Mr. Matias-Gutierrez had raped his niece. In the absence of such a statement, we can't assume that the district court had rejected the plea agreement based on a question posed to the defendant in a hearing. *See United States v. Ansberry*, 976 F.3d 1108, 1117–18 (10th Cir 2020) (concluding that a court's "preliminary statement and . . . extended

5

colloquy with defense counsel" did not reveal the grounds for a sentencing court's ruling).

**Characterization of the prior conviction.** When this hearing started, the court expressed concern about the length of the sentence, commenting twice about a conviction for sexual assault of the niece. R. vol. 2, at 2, 5–6, 21. The actual conviction involved attempt, not a completed sexual assault. But the court made these comments when starting the hearing, not when explaining the decision to reject the plea agreement. And courts don't ordinarily disturb sentencing decisions based on stray comments at hearings. *See United States v. Rock*, 863 F.3d 827, 830 (D.C. Cir. 2017) (concluding that "the district court's recidivism comment was only that—a comment—and appears to have had no influence on the length of imprisonment to which [the defendant] was sentenced"); *United States v. Zabielski*, 711 F.3d 381, 391 (3d Cir. 2013) (declining to disturb a sentence based on the district court's stray comments during a sentencing hearing); *United States v. Cherry*, 487 F.3d 366, 373 (6th Cir. 2007) (concluding that one stray comment at a sentencing hearing had not established an error). Here the court followed up these stray comments by correctly characterizing the conviction.

After rejecting the plea agreement, the district court explained its selection of a 60-month sentence. In this explanation, the court correctly

- referred to the 2014 conviction as one for "attempted sexual abuse" and

- described the girl's statements about criminal sexual penetration as "allegations."

R. vol. 2, at 25. Given the court's later explanation, we don't assume that the district court rejected the plea agreement based on a mistaken belief about the nature of the prior conviction.

**Reliance on underlying conduct**. Mr. Matias-Gutierrez also claims that the district court should have considered only the elements of his attempt conviction rather than the underlying facts.

If the court had erred, the error wouldn't have been plain. *See* p. 4, above. In determining a sentence, the district court can generally consider a broad swath of information about the defendant's conduct and character. 18 U.S.C. § 3661. Mr. Matias-Gutierrez points out that the district court can only consider the elements when determining whether a crime constitutes a *violent felony* under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

But here the court wasn't asking whether Mr. Matias-Gutierrez's crime had constituted a *violent felony*. To the contrary, the district court was assessing Mr. Matias-Gutierrez's criminal history as a factor in deciding whether the agreed sentence would be long enough. *See United States v. Smith*, 815 F.3d 671, 679 (10th Cir. 2016) (concluding that a sentencing court could rely on an undisputed account of the defendant's

7

conduct surrounding a prior criminal conviction). So the court didn't plainly err by referring to the facts underlying the criminal history. *See* p. 4, above.

**3.    The district court didn't err procedurally.**

Mr. Matias-Gutierrez argues that the sentencing proceedings were procedurally unreasonable because the district court didn't

- consider the kinds of sentences available or

- adequately explain the need for a sentence above the guideline range.

Mr. Matias-Gutierrez didn't make these arguments in district court, so we would ordinarily apply the plain-error standard. *See United States v. Wireman*, 849 F.3d 956, 961–62 (10th Cir. 2017). But Mr. Matias-Gutierrez waived these arguments by failing to urge plain error.[2] *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise.").

But even without a waiver, these arguments would fail under the plain-error standard because the district court did

---

[2]    The government also argues that Mr. Matias-Gutierrez waived a challenge to the sufficiency of the explanation by acknowledging that he understood the sentence. We need not consider this argument because the failure to urge plain error would have constituted a waiver anyway.

- consider the kinds of available sentences and

- explain the need for an upward variance.

First, Mr. Matias-Gutierrez contends that the district court should have considered alternatives to imprisonment. Granted, the court must consider "the kinds of sentences available." 18 U.S.C. § 3553(a)(3). But neither the parties nor the probation office had suggested any alternatives to imprisonment. To the contrary, everyone had agreed that a prison sentence was justified. The only question was the length of the prison term.

Second, Mr. Matias-Gutierrez contends that the district court should have given a better explanation for varying so far above the guideline range. For this contention, Mr. Matias-Gutierrez insists that his case fell within the heartland of cases covered by the guidelines.

The court must address the *heartland* of cases when imposing a *departure*, which is governed by Chapters Four and Five of the guidelines. *See United States v. Sicken*, 223 F.3d 1169, 1172 (10th Cir. 2000) (explaining that the *heartland* is "a set of typical cases embodying the conduct that each guideline describes"). But the district court imposed a *variance* rather than a *departure*. And district courts can impose variances even in mine-run cases. *Spears v. United States*, 555 U.S. 261, 266–67 (2009) (per curiam); *see also United States v. Martinez-Barragan*, 545 F.3d 894, 901–02 (10th Cir. 2008) (stating that a district court can impose a

9

variance even when the circumstances fall "within the heartland of similar cases"). So the court didn't commit plain error by failing to explain why the case fell outside the heartland of guideline cases. *See* p. 4, above.

**4.    The district court didn't err substantively.**

Finally, Mr. Matias-Gutierrez challenges his 60-month sentence as substantively unreasonable, arguing that the district court put too much weight on the conduct underlying his prior condition for attempted sexual assault.

In sentencing Mr. Matias-Gutierrez, the district court needed to consider seven factors:

1. The offense and the history and characteristics of the defendant,

2. the need for a sentence to reflect just punishment, deterrence, incapacitation, and rehabilitation,

3. the kinds of sentences available,

4. the U.S. Sentencing Guidelines,

5. the Sentencing Commission's policy statements,

6. the need to avoid unwarranted sentencing disparities, and

7. the need for restitution.

*See* 18 U.S.C. § 3553(a)(1)–(7). The district court did not need to afford equal weight to these factors. *United States v. Sanchez-Leon*, 764 F.3d 1248, 1267–68 (10th Cir. 2014).

When reviewing a sentence for substantive reasonableness, we apply the abuse-of-discretion standard, considering the totality of the circumstances. *United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019). "A district court abuses its sentencing discretion only if the sentence exceeded the bounds of permissible choice." *United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) (quotations and citations omitted). A sentence should be overturned only if it is arbitrary, capricious, whimsical, or manifestly unreasonable. *United States v. Peña*, 963 F.3d 1016, 1024 (10th Cir. 2020). We defer "not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008).

The district court did give substantial weight to the conduct underlying his prior conviction for attempted sexual assault. But the court also considered other factors, including Mr. Matias-Gutierrez's conviction for a methamphetamine offense, his return to the United States just eight months after his release from imprisonment for the 2014 conviction, and his violation of parole. R. vol. 2, at 25–28. The court also considered mitigating factors like Mr. Matias-Gutierrez's apology to his family, his financial struggles, and his motive to return to the United States to see his family. *Id.* at 24–25. The district court acted within its discretion when weighing these factors and imposing a 60-month sentence.

11

\* \* \*

Mr. Matias-Gutierrez invited any possible error involving the district court's participation in plea negotiations, and the district court didn't plainly err in rejecting the agreement for a 30-month sentence. Mr. Matias-Gutierrez waived his procedural challenges to the sentence, and the prison term was substantively reasonable. We thus affirm the conviction and sentence.

Entered for the Court


Robert E. Bacharach
Circuit Judge